[Civ. No. 14321. First Dist., Div. Two. Aug. 30, 1950.]

ETHEL SOREL, Appellant, v. JOSEPH EDWARD SMITH et al., Respondents.

Reynald J. Bianchi for Appellant.

John W. Collier, City Attorney (Oakland), for Respondents.

NOURSE, P. J.—Plaintiff sued in certiorari-mandamus to review the order of respondent pension trustees denying plaintiff a pension for the death of her deceased husband, a battalion chief in the Oakland City fire department. The cause was heard by the superior court on the transcript of proceedings before the pension board and on new evidence taken at the trial. Judgment went for defendants.

On the appeal from this judgment no question of law is presented—the sole question is whether the pension board correctly interpreted the evidence and whether the superior court's findings are supported by competent and substantial evidence. Having had two trials of the issue of facts petitioner is not entitled to a third trial of the facts on this appeal. The sole function of the reviewing court under these circumstances is to determine whether the trial court's findings are supported and there our function ends. *Moran* v. *Board of Medical Examiners*, 32 Cal.2d 301, 308 [196 P.2d 20].

The trial court found (and we emphasize that the finding was made on conflicting evidence) that it was not true that deceased "sustained injury to his heart in the course of his duties" or that death resulted from any injury arising out of his employment in the fire department.

To prove her case appellant called two medical witnesses. To disprove it the respondents called the same number. Appellant says her witnesses were heart specialists and better qualified. Respondents say those witnesses were but "internists" and did not meet the learning and experience of the two called for the defense. The trial court believed the testimony of these two and rejected that of appellant's witnesses. That ends the controversy over "qualifications."

One witness testified that in his opinion the work of deceased as a fireman did not play a contributory role in his death. He gave an extensive analysis of his reasons for the opinion. He also testified that the autopsy revealed no occlusion prior to the fatal one. The claim of the applicant was based on an occupational injury in 1942. The deceased died in 1947. Two or three days before his death he was engaged in enameling his kitchen. He was visited by a friend who found the kitchen excessively hot, said to be necessary to make the paint run properly. Deceased was seated in a chair and appeared to be distressed. A day later he was found dead on the kitchen floor with a paint brush and opened can of paint

nearby. The autopsy showed a heart occlusion occurring a day or less before the death.

The other witness called by respondents testified that he did not believe that the activities as a fireman recited in previous testimony had anything to do with the death. Asked to give his reasons he stated ''he obviously had extensive arteriosclerosis and he had this occlusion of the right coronary artery of a few days duration. I think it has been demonstrated that there is no single occupation which predisposes to coronary arteriosclerosis and as far as I have been able to ascertain through reading the literature and through personal experience, I have seen no occasion that itself singled out men who participated in the occupation of firemen, and I think that this man had this arteriosclerosis of his coronary vessels which developed in him for whatever reason I don't know because I don't think the reason for developing arteriosclerosis is well understood medically. This man had it; I don't think his work had anything to do with it. I think that he had enough reserve to get along fairly well until he had this final occlusion which was found on autopsy, and I believe that that occlusion of the right coronary artery was the final event which precipitated death. And I further believe that there is no evidence in medical literature to indicate that exertion necessarily causes coronory occlusion. In other words, it appears to be an evolutionary process and I don't think it has been shown to be the result of exertion or strain.''

This evidence is sufficient to support the findings under attack and it would serve no purpose to recite that which is in conflict or to cite the long list of authorities holding that the conflict in the evidence heard in the trial court is a matter for decision by that court alone.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.